IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GENEVIEVE BUTCZYNSKI,** <br> **agent of Lieutenant** <br> **Jenny Butczynski**       **Plaintiff** | **No. 3:05cv645** <br><br> **(Judge Munley)** |
| v. | |
| **LUZERNE COUNTY and** <br> **THE LUZERNE COUNTY** <br> **CORRECTIONAL FACILITY BOARD,** <br>                              **Defendants** | |
| **The Times Leader, Dave Weiss and** <br> **Terrie Morgan-Besecker,** <br>                              **Interveners** | |

## MEMORANDUM

Before the court for disposition are the interveners' objections to the defendants' notices of deposition that require Dave Weiss and Terri Morgan-Besecker to testify and produce certain documents. The court held a telephone conference on this matter on March 7, 2006, and briefs have been submitted. The matter is thus ripe for disposition.

**Background**

Plaintiff Genevieve Butczynski, worked as corrections officer for Luzerne County and/or the Luzerne County Correctional Facility (hereinafter "LCCF"). (Am. Compl. ¶ 5). At the time in question, she held the rank of lieutenant. (Id.).

On October 10, 2003, an accused murderer, Hugo Selenski, escaped from a high floor of the LCCF. (Id. at ¶ 7). Plaintiff asserts that the escape occurred, in part, because corrections officers were not doing their assigned duties. (Id. at ¶ 8).

Subsequent to the escape, which generated much media attention, plaintiff and one of her co-workers, Lieutenant John Barry, spoke with The Times Leader, a local newspaper, about breaches of security and rules violations at the LCCF. (Id. at ¶ 16). On October 15, 2003, The Times Leader, published an

article quoting both Butczynski and Brown.  Interveners Weiss and Morgan-Besecker authored the article, entitled: "A Look Inside Luzerne County Correctional Facility A Prison Run Amok?"  Shortly, after the publication of the article, defendants suspended Butczynski and Brown from their employment, with pay.  (Id. at 17).

On October 21, 2003, the prison board president, sent a letter to plaintiff detailing five reasons why termination of her employment was being considered.  (Id. at 18).  Plaintiff claims that she was thus forced into early retirement in March 2004 as she feared termination and a loss of pension benefits.  She had no intention of retiring at that time absent the actions of the defendants.  (Id. at 19).

Plaintiff avers that the defendants were motivated to suspend her employment because she exercised her First Amendment rights to speak with the media.  Accordingly, she instituted the instant one-count complaint.  She brings her action pursuant to 42 U.S.C. § 1983.  She avers that her suspension from employment also violated the Fourteenth Amendment rights to Equal Protection and Due Process.  (Id. at ¶ 32).

Discovery is currently ongoing in the case.   Defendants issued notices of deposition to the authors of the "A Prison Run Amok?" article.  (Def. Ex. A, Doc. 40-2).  The notice of deposition indicates that the defendants seek to question the authors about plaintiff, Barry and the article.  It directs the interveners to produce any and all LCCF documents referred to in the article.  (Id.).  The interveners have objected to the notices of deposition, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional

2

violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Discussion**

A qualified privilege arises where a party seeks discovery of facts acquired by a journalist in the course of gathering news. In re Madden, 151 F.3d 125, 128 (3d Cir. 1998). "Premised upon the First Amendment, the privilege recognizes society's interest in protecting the integrity of the newsgathering process, and in ensuring the free flow of information to the public." Id. In particular, "journalists have a federal common law privilege, albeit qualified, to refuse to divulge their sources." Riley v. City of Chester, 612 F.2d 708, 715 (3d Cir. 1979). The party seeking such information must establish a "demonstrated, specific need" for it, in order to overcome the privilege. Id. at 716. The information must be "crucial. . . going to the heart of the claim." Id. at 717. Additionally, the party seeking the information must establish that they have exhausted other means of obtaining the information. Id. In other words, the party seeking the information must show "that his only practical access to crucial information necessary for the development of the case is through the newsman's sources." Id.

The articles[1] at issue discuss prison incident and misconduct reports generated at LCCF. Someone provided copies of such reports to the newspaper reporters. Defendants, evidently, seek to depose the authors of the article to confirm that plaintiff was the source of the reports.

Defendants' first argument is that any privilege is waived as the articles at

---

[1] The notices provided to the court only involve one of the articles discussed in the background facts. The parties have briefed the issue as if both articles are at issue. We shall also consider both articles.

3

issue themselves demonstrate that Butczynski and Barry were the individuals who provided the reports to the newspaper. A review of the articles, however, reveals that they are ambiguous at best as to whether Butczynski and Barry were the ones who provided the reports. Accordingly, we find that the privilege is not waived.

Next, we must examine whether the defendants have a crucial need for the information. The defendant contends that they need the information as it is probative regarding Butczynski's credibility because she has testified elsewhere, that she did not provide the reports to the newspaper. Credibility is, however, an issue in every case and is not uniquely important in the instant case. We find that the constitutional privilege outweighs any interest in impeaching the plaintiff on this issue.

Defendants claim that they also need the information because the information would buttress the non-discriminatory reasons for Butczynski's suspension. Defendants argue that they were concerned that plaintiff was disseminating confidential information, and that is the actual reason why she was suspended.[2] Her suspension, therefore, was not retaliation for her speaking to the media.

Defendants' argument is not persuasive. If they knew at that time of her suspension that plaintiff provided the incident reports to the newspaper, they must have an independent source for this information, and it is not necessary to obtain it from the interveners. If defendants merely suspected she handed over the reports, for the interveners to now confirm their suspicions does not reflect at all upon the defendants' justification for her suspension.

---

[2] We make no determination as to whether the reports at issue were actually confidential.

4

Accordingly, we find that the defendants have not met the test set forth in Riley and the qualified privilege applies to the interveners. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENEVIEVE BUTCZYNSKI, agent of Lieutenant Jenny Butczynski     Plaintiff | No. 3:05cv645 (Judge Munley) |
| v. | |
| LUZERNE COUNTY and THE LUZERNE COUNTY CORRECTIONAL FACILITY BOARD,     Defendants | |
| The Times Leader, Dave Weiss and Terrie Morgan-Besecker,     Interveners | |

## ORDER

**AND NOW**, to wit, this 11th day of April 2006, the interveners' objection to the notices of deposition are **GRANTED**, and the notices are hereby **QUASHED**.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court